**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 391.]**

THE STATE EX REL. DANNAHER, APPELLANT, *v*. CRAWFORD, JUDGE, APPELLEE.

[Cite as *State ex rel Dannaher v. Crawford,* 1997-Ohio-72.]

*Prohibition—Writ prohibiting Franklin County Common Pleas Court judge from transferring case to Perry County Common Pleas Court denied, when— Mandamus compelling Franklin County Common Pleas Court judge to proceed in a case transferred from Perry County Common Pleas Court denied, when.*

(No. 96-1974—Submitted March 18, 1997—Decided May 14, 1997.)

A<small>PPEAL</small> from the Court of Appeals for Franklin County, No. 96APD02-202.

————————————

{¶ 1} In December 1992, appellant, Elizabeth Dannaher, purchased a house in Perry County, Ohio.  William and Evelyn Coble own a home that is adjacent to Dannaher's property.  Dannaher's realty is subject to an ingress and egress easement, which includes a driveway shared with the Cobles.  An underground line that provides natural gas to the Cobles runs across Dannaher's property.

{¶ 2} In August 1994, Dannaher filed an action in the Franklin County Court of Common Pleas, naming Franklin County businesses, including Columbia Gas of Ohio, as defendants.  Dannaher sought the termination of the transportation of gas across her property.  The common pleas court joined the Cobles as defendants, and the Cobles waived venue as a defense to the action.  The Cobles claimed an easement in the gas line. Dannaher set forth causes of action in trespass, ejectment, declaratory judgment, and breach of contract.

{¶ 3} In May 1995, the Cobles filed an action in the Perry County Common Pleas Court that alleged that Dannaher had unlawfully interfered with the Cobles' use of the ingress and egress easement on Dannaher's property by placing blocks in the common driveway.  The Cobles requested injunctive relief and damages.

Dannaher filed a counterclaim against the Cobles and a third-party complaint against certain of the Cobles' social guests, all of whom are Perry County residents. Dannaher claimed that the Cobles and their guests had created a nuisance and misused the easement by operating motor vehicles at excessive rates of speed and without headlights on at night. Dannaher requested an injunction to abate the nuisance, equitable reformation of the easement, and damages.

{¶ 4} Dannaher filed a motion in the Perry County Common Pleas Court to relinquish jurisdiction over the driveway case and transfer it to the Franklin County Common Pleas Court, where it could be consolidated with the gas-line case. Dannaher asserted that the two cases were "intimately related" and that "both cases seek a determination of the rights and responsibilities of the owners of adjoining properties." Dannaher claimed that the reckless driving by the Cobles and their guests constituted retaliation for her institution of the gas-line case in Franklin County. The Perry County Common Pleas Court subsequently granted Dannaher's motion and transferred the driveway case to Franklin County for consolidation with the gas-line case.

{¶ 5} In September 1995, the Franklin County judge presiding over the gas-line case denied Dannaher's motion to consolidate it with the driveway case transferred from Perry County because the cases involved issues which were "separate and distinct." In January 1996, appellee, Franklin County Common Pleas Court Judge Dale Crawford, granted the Cobles' motion to change venue and transferred the driveway case back to Perry County.

{¶ 6} Dannaher then filed a complaint in the Court of Appeals for Franklin County requesting a writ of prohibition to prevent Judge Crawford from transferring the driveway case back to the Perry County Common Pleas Court, and a writ of mandamus to compel Judge Crawford to proceed in the driveway case. After the parties filed evidence and briefs, the court of appeals denied the writs.

{¶ 7} The cause is now before this court UPon an appeal as of right.

2

--------------------

*Garold L. Newbold*, for appellant.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *George E. Speaks*, Assistant Prosecuting Attorney, for appellee.

--------------------

*Per Curiam.*

{¶ 8} Dannaher claims that the court of appeals erred by denying the requested writs of prohibition and mandamus. For the reasons that follow, we find that Dannaher's contentions are meritless and affirm the judgment of the court of appeals.

{¶ 9} Neither prohibition nor mandamus will lie where relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Hunter v. Certain Judges of the Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. But where a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal. *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289, 667 N.E.2d 929, 931; *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292.

{¶ 10} Judge Crawford transferred the driveway case back to Perry County. Therefore, prohibition and mandamus will not issue to vacate the transfer order and compel Judge Crawford to proceed in the case unless Dannaher establishes a patent

and unambiguous lack of jurisdiction on the part of Judge Crawford to grant the Cobles' motion for change of venue.

{¶ 11} In her first proposition of law, Dannaher asserts that Judge Crawford lacked jurisdiction to transfer the case back to Perry County due to the jurisdictional priority rule. The jurisdictional priority rule provides that "'[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus.

{¶ 12} Generally, "it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809, quoting *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913.

{¶ 13} The gas-line and driveway cases involve different claims for relief. The gas-line case involved claims of trespass, ejectment, declaratory judgment, and breach of contract. The driveway case involved claims of interference with easement, nuisance, and equitable reformation. Further, the cases had different parties, with the gas-line case including Franklin County businesses not joined in the driveway case and the driveway case including certain Perry County residents who were not parties to the gas-line case. Although the cases involved rights concerning the same general property, they concerned separate and distinct issues, one involving an ingress and egress easement and the other involving an alleged gas-line easement.

**{¶ 14}** Based on the foregoing, the jurisdictional priority rule did not *patently and unambiguously* divest Judge Crawford of the requisite jurisdiction to grant the Cobles' motion and transfer the driveway case back to Perry County. *Sellers*, 72 Ohio St.3d at 118, 647 N.E.2d at 810, quoting *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545 ("[W]e need not expressly rule on the jurisdictional issue 'since our review is limited to whether *** jurisdiction is *patently and unambiguously lacking.*'" [Emphasis *sic*.]). Appeal constitutes an adequate legal remedy to raise any claimed error in failing to apply the jurisdictional priority rule. We overrule Dannaher's first proposition of law.

**{¶ 15}** Dannaher asserts in her second proposition of law that the court of appeals erred in failing to issue writs of prohibition and mandamus because Judge Crawford failed to follow the law-of-the-case by refusing to accede to the Perry County Common Pleas Court's transfer order in the driveway case.

**{¶ 16}** Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2-3, 462 N.E.2d 410, 412. This doctrine precludes a litigant from attempting to rely on arguments at retrial which were fully litigated, or could have been fully litigated, in a first appeal. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781, 784.

**{¶ 17}** The portion of the doctrine generally applied in extraordinary-writ cases provides that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus; *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 182, 652 N.E.2d 742, 744; *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 102, 647 N.E.2d 792, 796-797. Writs of prohibition and mandamus are appropriate to require lower courts to comply with and not proceed contrary to the mandate of

a superior court. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 557, 653 N.E.2d 366, 370; *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115, 1117.

{¶ 18} Dannaher is not entitled to the requested writs based on the law-of-the-case. First, unlike the cases permitting extraordinary relief because of the law-of-the-case, Dannaher does not contend that Judge Crawford failed to comply with the mandate of a superior court. Second, contrary to Dannaher's assertions, the Cobles could not have appealed the Perry County court's change-of-venue order because an order changing venue does not constitute a final appealable order. See, *e.g., State ex rel. Starner v. DeHoff* (1985), 18 Ohio St.3d 163, 165, 18 OBR 219, 221, 480 N.E.2d 449, 451. Third, although Dannaher cites *Clymer v. Clymer* (Sept. 26, 1995), Franklin App. No. 95APF02-239, unreported, 1995 WL 571445, for the proposition that the law-of-the-case doctrine encompasses a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case, *Clymer* further held that the law-of-the-case doctrine "should not be taken to imply that a trial court can never, under any circumstances, reconsider its prior ruling." See, also, *Aguinaga v. United Food & Commercial Workers Internatl.Union* (D.Kan.1994), 854 F.Supp. 757, 773, noting that this "more amorphous" category of the law-of-the-case doctrine "involves the consequences of failure to appeal an issue"; 18 Wright, Miller & Cooper, Federal Practice & Procedure (1981) 794, Section 4478 ("A wide degree of freedom is often appropriate when the same question is presented to different judges of a single district court. *** Substantial freedom is desirable ***, particularly since continued proceedings may often provide a much improved foundation for deciding the same issue."). *Clymer* does not preclude a common pleas court from reconsidering an interlocutory change-of-venue order entered in the same case by a different common pleas court judge. Dannaher's second proposition is consequently meritless and is overruled.

**{¶ 19}** Dannaher asserts in her third proposition of law that the court of appeals should have issued writs of prohibition and mandamus because Judge Crawford's order changing venue of the driveway case to Perry County cannot be reviewed on appeal.

**{¶ 20}** Dannaher's assertion is baseless. Although an order changing venue does not constitute a final appealable order, it is reviewable after a final judgment is entered in the action. *State ex rel. Lyons v. Zaleski* (1996), 75 Ohio St.3d 623, 625, 665 N.E.2d 212, 214.

**{¶ 21}** In addition, as the court of appeals determined, it appears that Judge Crawford correctly granted the Cobles' motion to change venue because the subject property as well as all of the parties to the driveway case were in Perry County. The court of appeals also correctly held that venue in the driveway action was improper in Franklin County. See Civ.R. 3(B).

**{¶ 22}** Finally, appeal following a final judgment provides an adequate legal remedy for Dannaher to challenge Judge Crawford's change-of-venue order. *Id.*, 75 Ohio St.3d at 625, 665 N.E.2d at 215; *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 467, 605 N.E.2d 31, 35; *State ex rel. McCoy v. Lawther* (1985), 17 Ohio St.3d 37, 38-39, 17 OBR 30, 32, 476 N.E.2d 1048, 1049. Dannaher's claim that this appeal would be inadequate due to time and expense lacks merit. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684, 688. Dannaher's further claim that appeal is inadequate because the Perry County and Franklin County courts could simply transfer venue back and forth *ad infinitum* is not supported by the evidence. Cf. *State ex rel. Wallace v. Tyack* (1984), 13 Ohio St.3d 61, 13 OBR 379, 469 N.E.2d 844 (writs of procedendo issued against Court of Claims and common pleas court where both courts had stayed wrongful death actions pending resolution of other court's proceeding, resulting in preclusion of any final order in either action). Dannaher's third proposition is overruled.

**{¶ 23}** Accordingly, the court of appeals did not err in denying writs of prohibition and mandamus. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————