Defendant Milwaukee Guardian Insurance Company appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which determined the amount of appellant's pro rata share of the award to plaintiffs Frederick J. and Michelle Stine Barnoff. Appellee is defendant Progressive Insurance Company, which also is obligated to plaintiffs for an identical amount. Appellant assigns a single error to the trial court.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF APPELLANT WHEN IT APPLIED MARTIN V. MIDWESTERN GROUP INSURANCE COMPANY TO APPELLANT'S UNDER INSURED MOTORIST COVERAGE AND FAILED TO APPLY THE SET-OFFS REQUIRED BY HOWER V MOTORISTS MUTUAL INSURANCE CO.
This case arose out of a motor vehicle accident in which plaintiffs Frederick and Michelle Barnoff, who are not parties to this appeal, were injured. Barnoffs settled with the tort feasor for $85,000.00, out of his accident insurance limit of $100,000.00. The remaining $15,000.00 of the policy limit satisfied the claims of other persons injured in the accident. Barnoffs owned three separate motor vehicle insurance policies with three different insurance companies at the time of the accident. One policy was appellee Progressive's motorcycle policy on the motorcycle which Barnoffs were operating at the time of the accident. Appellee Progressive's policy provided uninsured/under insured motorist coverage with limits of $100,000.00 per person/ $300,000.00 per accident. Defendant Milwaukee Guardian Insurance Company, which is not a party to this appeal, had an automobile policy on a car owned by Michelle Barnoff. Milwaukee's policy provided uninsured/under insured motorist cover with limits of $100,000.00 per person/$300,000.00 per accident. Defendant Mennonite Mutual Insurance Company, which is not a party to this appeal, insured Frederick Barnoffs pickup truck, with a commercial auto policy that provided a single limit of $300,000.00 per accident of uninsured/under insured motorist coverage.
The "other insurance" clauses of Progressive and Milwaukee's policies provide when the uninsured/under insured coverage of more than one insurer is applicable to a claim, the amount of coverage owed will be shared by the insurers on a pro-rata basis. Pursuant R.C. 3937.18, the anti-stacking language contained in the subject Milwaukee and Progressive policies is valid, and thus, the limits of the available policies cannot be aggregated when computing the amount under insured motorist coverage available to the Barnoff. Accordingly, the amount of under insured motorist coverage available to the Barnoffs is $300,000.00, the highest limit of the available coverage. It was undisputed the injuries the Barnoffs received in this multi-vehicle accident were so serious as to entitle them to full amount of the available $300,000.00 policy limits. Pursuant to R.C. 3937.18, the available amount of $300,000.00 must be reduced by the $85,000.00 the Barnoffs received from the tort feasor. Thus, there remains $215,000.00 to be distributed amongst the insurance companies.
In Bamoff v. Progressive Insurance Company (June 8, 1998), Stark App. No. 1997CA00384, unreported, this court reviewed the first stage of this action, wherein the trial court held Progressive was obligated to pay the Barnoffs up to $100,000.00 each plus the amount received from Metropolitan, and Mennonite was required to pay the Barnoffs up to $100,000.00. The trial court also found the Barnoffs were not entitled to recover from Milwaukee or under Mennonite's general commercial liability policy.
On appeal, this court found Mennonite's general commercial liability policy is a motor vehicle policy and must meet the mandates of R.C. 3937.18. For this reason, we found Mennonite was required to provide under insured motorist coverage.
Progressive filed a cross-assignment of error to the trial court's judgment in the earlier appeal. Cross-assignment of error number one challenged the court's allocation of responsibility among the various insurance companies. In response to that assignment of error, this court held:
 Appellee Progressive claims the trial court erred in not allocating among the insurers a pro rate amount each was to pay based upon the "other insurance" clauses of the respective policies. We agree. In Buckeye Union Insurance. Co. v. State Auto. Mutual Insurance Company (1977), 49 Ohio St.2d 213, 361 N.E.2d 1052, syllabus, the Supreme Court of Ohio held as follows:
 Where two insurance policies cover the same risk and both provide that their liability with regard t that risk shall be excess insurance over other valid, collectible insurance provided by their respective policies. Upon review, we find the trial court must allocate the insurers a pro-rata amount following our decision in Assignment of Error l and Cross-Assignment of Error ll. Cross-Assignment of Error is granted.
 Barnoff, supra, at four.
Appellee Progressive asks us to invoke the law of the case doctrine, and to hold the decision of this court in the prior appeal remains the law of the case as to all subsequent proceedings both at the trial level and upon review, seeState ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391 at 394, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1 at 3.
Appellant Milwaukee concedes it did not appeal our decision to the Supreme Court. We find our decision the court should allocate the insurer's pro-rata amount is law of the case.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES