The present appeal emanates from the decision of the Jefferson County Court of Common Pleas, Domestic Relations Division, whereby the trial court denied a motion for change of venue. Since this decision does not present this court with a final appealable order, this appeal is dismissed.
 I. FACTS
The present matter stems from a prior divorce action involving Satish Tandon ("appellant") and Melinda Tandon ("appellee"). Subsequent to the divorce in December of 1994, a myriad of legal proceedings have arisen involving the various rights and obligations of the parties. Particularly relevant to the present appeal is a motion filed by appellant to modify the conditions surrounding the visitation of his minor child. During the course of the proceedings which were held to address this motion, appellant filed a motion pursuant to Civ.R. 3(C)(4) for a change of venue from Jefferson County to Columbiana County. In this motion, appellant made various allegations regarding bias and prejudice on the part of the trial court judge which interfered with the ability to receive a fair and impartial hearing. On the same day the motion was filed, the trial court summarily denied such which has resulted in the present appeal. Following the filing of the instant appeal, appellee has filed a motion to dismiss for lack of a final appealable order as well as a motion for attorney fees due to frivolous conduct.
 II. ASSIGNMENT OF ERROR
Appellant sets forth a single assignment of error which reads as follows:
 "THE TRIAL COURT, IN NOT GRANTING THE MOTION FOR CHANGE OF VENUE, DENIED APPELLANT-DEFENDANT DUE PROCESS OF LAW UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE."
Prior to addressing the merits of appellant's argument regarding the trial court's decision, we must first determine whether this court has been presented with an appeal from a final appealable order. Absent a final appealable order, this court is without the authority to proceed to the merits.
R.C. 2505.02(B) as amended on July 22, 1998 provides courts with a definition of several categories of orders which are determined to be final and thus, reviewable on appeal. While there are five subsections to R.C. 2505.02(B) which provide five different categories of final orders, this court need only be concerned with subsection four. Such is the case as the types of final orders provided in R.C. 2505.02(B)(1), (2) and (3) were also contained in the version of R.C. 2505.02 as it existed prior to the July 22, 1998 amendments. Under this prior version of the statute, the Ohio Supreme Court held on numerous occasions that a decision regarding a motion for a change of venue was not a final appealable order and was only reviewable subsequent to the entry of a final judgment on the underlying action. State ex rel.Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 395; State exrel. Lyons v. Zaleski (1996), 75 Ohio St.3d 623, 625; State exrel. Stainer v. DeHoff (1985), 18 Ohio St.3d 163, 165. Hence, the first three subsections of the statute do not support a holding that the order appealed from was final. Furthermore, R.C.2505.02(B)(5) concerns only those orders which determine whether an action may or may not be maintained as a class action. Since we clearly are not dealing with a class action suit, this subsection is not applicable.
The only remaining subsection under which it could be held that the order appealed from is a final order is R.C. 2505.02(B)(4) which states as follows:
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." (Emphasis added).
Even if this court were to assume that a motion for a change of venue is a provisional remedy and that R.C. 2505.02(B)(4)(a) has been met, we still would be precluded from holding that we have been presented with a final appealable order as appellant is unable to meet the requirements of R.C. 2505.02(B)(4)(b). As the Ohio Supreme Court recently stated in State ex rel. Banc OneCorp. v. Walker (1999), 86 Ohio St.3d 169, an appeal following a final judgment provides an adequate legal remedy as related to a trial court's decision on a motion to change venue. Id. at 173. See also Crawford, supra at 395. Therefore, an interlocutory appeal from this type of order is not warranted.
For the foregoing reasons, the present appeal is dismissed. As to appellee's motion for attorney fees, such is overruled. While we agree with appellee's position that this appeal must be dismissed, appellant has nonetheless set forth a valid, justiciable issue. This is especially so in light of the extensive and complex history of the case at bar.
COX, P.J. concurs, and DONOFRIO, J. concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE