OPINION
Defendant-appellant Albert Jay Boyd appeals from the October 27, 1999, Sentencing Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 18, 1998, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, a felony of the first degree, one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, and one count of pandering obscenity involving a minor in violation of R.C. 2907.321, a felony of the second degree. The indictment specified that the rape and gross sexual imposition charges were committed as part of a continuous course of conduct. At his arraignment on November 20, 1998, appellant entered a plea of not guilty to the charges contained in the indictment. Subsequently, appellant, on January 4, 1999, pled guilty to each offense contained in the indictment. Thereafter, one week later, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09
and a sentencing hearing. At the conclusion of the hearing, the trial court adjudicated appellant a sexual predator and proceeded immediately to sentencing. Pursuant to a Judgment Entry filed on January 13, 1999, the trial court sentenced appellant to the maximum ten year prison sentence on the rape charge, to the maximum five year prison sentence on the gross sexual imposition charge and to five years on the charge of pandering obscenity involving a minor. The three sentences were to be served consecutively. The trial court, in its January 13, 1999, Judgment Entry, specifically stated as follows: "The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section2929.11, and has balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12 . . . The Court has considered the factors under Revised Code Section2929.12(B) and finds the following: The mental injury suffered by the victim was exacerbated by the age of the victim, the victim having been ten (10) years old and the defendant having been 27 — 28 years old at the time of the offense. The victim suffered serious psychological harm as a result of the offense and remains in counseling to this date. The offender's relationship with the victim facilitated the offense. The defendant is the uncle of the victim and the victim's parents entrusted the defendant with babysitting their daughter on numerous occasions, even allowing her to spend nights at her grandparents' house where the defendant lived. The Court also finds that the defendant established a pattern of sexual misconduct involving approximately eight (8) incidents of abuse spanning a period of six (6) months and ending only when discovered by relatives. The offender surreptitiously video taped the victim, partially nude as well as video taping himself masturbating and surreptitiously video taping two neighborhood girls during their daily activities. For the foregoing reasons and those stated on the record, pursuant to Revised Code Section 2929.14(C), the Court finds that the defendant committed the worst form of the offense and that the defendant poses the greatest likelihood of recidivism. Pursuant to Revised Code Section 2929.14(E) the Court finds for the foregoing reasons and those stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. The Court also finds that the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct. Therefore, the sentences are to be served consecutively."
At the January 11, 1999, sentencing hearing, the trial court had stated on the record that it was imposing consecutive sentences since "the harm caused [to the victim] was great. This is something that is going to affect the victim for her lifetime." Transcript of January 11, 1999, sentencing hearing at 23. Appellant subsequently appealed his sentence to this Court, arguing that (1) the trial court abused its discretion in imposing greater than the minimum sentence on appellant, (2) the trial court abused its discretion in imposing the maximum sentence on appellant, and (3) the trial court abused its discretion in imposing consecutive sentences on appellant. Upon appeal, this court reviewed the items contained in the original record as well as the victim impact statement. Pursuant to an Opinion filed on September 27, 1999, in Case No. 1999CA00045, we affirmed the trial court's imposition of the maximum prison terms on both the rape and gross sexual imposition counts, but found that the trial court had erred in imposing consecutive sentences on appellant. This Court, in holding that appellant had to be resentenced for such reason, specifically stated as follows: "We find the record supports the trial court's finding a consecutive term was necessary to protect the public from future crime, was not disproportionate to the seriousness of the defendant's conduct, and the danger appellant poses to the public for the same reasons stated in our resolution of assignment of error number two. However, for a trial court to impose consecutive sentences, R.C.2929.14(E)(4) also requires a trial court to find subsection (a), (b), or (c) of that section applies. The trial [court] found subsection (b), supra applied to appellant. We find the record does not support such a finding. In making a statement to the court before sentencing, the prosecutor stated: "I would like to indicate that the, victim's parents have expressed that she was in counseling for a period of time and continues — um, although there has been a, an interruption in her counseling because of some insurance concerns among the family." T. at 19.
No other evidence was provided to the court relative to the victim's mental health. In sentencing, the trial court stated "the victim has suffered serious, * * * psychological harm. This is something that will, in all likelihood, affect this victim for the rest of her life. And it has been indicated to the court that the victim is currently in counseling." T. at 21. The court does not indicate how it received this information. In the January 13, 1999 Judgment Entry, the trial court stated: The mental injury suffered by the victim was exacerbated by the age of the victim* * * * * * The victim suffered serious psychological harm as a result of the offense and remains in counseling to this date. The record arguably supports the trial court's finding the victim is currently in counseling. However, no record evidence exists to support the trial court's finding the victim suffered serious psychological harm which in all likelihood, will affect her for the rest of her life. To render such a finding merely based upon the fact the victim is in counseling, represents a quantum leap. We find the record does not support a finding satisfying R.C.2929.14(E)(4)(b). According, we sustain this assignment of error."
Thereafter, upon remand, a resentencing hearing was held in the trial court on October 18, 1999. The trial court, in addition to the information considered at the time of the original sentencing, considered an offender background investigation report prepared by the Adult Parole Authority after appellant's original sentencing. The trial court also heard testimony from the victim's mother as to the victim's psychological well-being. At the conclusion of the resentencing hearing, the trial court, restating essentially the same findings as at the time of appellant's original sentencing, again imposed the maximum ten year prison sentence for the offense of rape, the maximum five year prison sentence for the offense of gross sexual imposition, and a five year prison sentence for pandering obscenity involving a minor. Once again, the trial court ordered the sentences to be served consecutively. A Judgment Entry memorializing appellant's sentence was filed on October 27, 1999. It is from the October 27, 1999, sentencing entry that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING GREATER THAN THE MINIMUM SENTENCES ON EACH COUNT OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING THE MAXIMUM PRISON TERMS ON COUNTS ONE AND THREE OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING CONSECUTIVE SENTENCES ON ALL THREE COUNTS OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OBTAINED FROM A POST SENTENCE INVESTIGATION WHEN RESENTENCING APPELLANT BOYD ON REMAND.
 I, II
Appellant, in his first and second assignments of error, argues that the trial court abused its discretion in imposing greater than minimum sentences on appellant and in sentencing appellant to maximum prison terms for the rape and gross sexual imposition charges. As is stated above, the same assignments of error were raised and overruled in appellant's original appeal before this Court in Case No. 1999CA00045. Under the "law of the case" doctrine, the decision of this Court in the prior appeal remains the law of the case as to all subsequent proceedings both at the trial level and upon review. See Barnoff v. Progressive Insurance Company (March 22, 1999), Stark App. No. 98-CA-0281, unreported, citing to State ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391,394. Appellant, therefore, may not now relitigate the same issues again since our decision in Case No. 1999CA00045 affirming the trial court's imposition of maximum sentences on appellant is the "law of the case". Accordingly, appellant's first and second assignments of error are overruled.
 III
Appellant, in his third assignment of error, contends that the trial court erred in imposing consecutive sentences on appellant. Consecutive sentences are governed by R.C. 2929.14(E) which provides, in relevant part, as follows: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
After reviewing the items contained in the original record and the victim impact statement, this Court, in its September 27, 1999, Opinion, in Case No. 1999CA00045, held as follows: "In its January 13, 1999 Judgment Entry the trial court recited the appropriate statutory language for consecutive sentences under 2929.14(E)(4) and further specified the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct. We must determine whether the findings are supported by the record.
We find the record supports the trial court's finding a consecutive term was necessary to protect the public from future crime, was not disproportionate to the seriousness of the defendant's conduct, and the danger appellant poses to the public . . .
However, for a trial court to impose consecutive sentences, R.C.2929.14(E)(4) also requires a trial court to find subsection (a), (b), or (c) of that section applies. The trial found subsection (b), supra applied to appellant."
Upon review, we specifically found that the record did not support a finding satisfying R.C. 2929.14 (E)(4)(b) since "no record evidence exists to support the trial court's finding the victim suffered serious psychological harm which in all likelihood, will affect her for the rest of her life. To render such a finding merely based upon the fact that the victim is in counseling, represents a quantum leap." Since the record did not support a finding satisfying R.C. 2929.14(E)(4)(b), we remanded this case to the trial court for resentencing. Upon remand, the trial court once again specified on the record and in its entry that the harm caused by the appellant was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct. R.C. 2929.14 (E)(4)(b). We must now determine whether such finding is supported by the record. At the October 18, 1999, resentencing hearing, both defense counsel and the prosecutor agreed that, contrary to what was stated at the time of the original sentencing, the victim in this case had never received counseling. In addition, the victim had not submitted to a psychological examination. The prosecutor, at the October 18, 1999, hearing, specifically testified as follows: "it was my understanding [at the time of the original sentencing] that the child was in counseling at that time. I had checked with the Child Adolescent Service Center and they had her listed as a client there. However, it was my misunderstanding that she was on the waiting list at that time and had not yet received any services from them, and to date she [the victim] still has not received services from the Child Adolescent Center, but it's my understanding that now she is- sh- — her parents have enrolled her in counseling with a different agency." Transcript of October 18, 1999 resentencing at 12. Cynthia Conley, the victim's mother, testified at the resentencing hearing that, as a result of the incidents involving appellant, the victim was "more outgoing" with boys than she had been in the past and that the "reason we are putting her into counseling now is that we do see her more — going more, acting more [sexually] above her age than what she is." Transcript of October 18, 1999 resentencing hearing at 16. According to Cynthia Conley, the victim was to commence counseling as of October 25, 1999. At the resentencing hearing, the trial court also considered the victim impact statement, which the trial court indicated had also been considered at the time of the original sentencing, as well as an offender background investigation report that had been prepared by the Ohio Adult Parole Authority after appellant's original sentencing. Both the victim impact statement and the offender background investigation report stated that the victim had experienced mood swings, anger and depression and that she blamed herself for the incidents involving appellant. The trial court, at the conclusion of the resentencing hearing, stated as follows: "The Court also finds that the victim suffered serious psychological harm. Specifically, in reading some of the documents provided to this Court the victim has experienced mood swings, anger and depression, and she blames herself for the incident." Transcript of October 18, 1999, hearing at 22. For this reason, the trial court, in its October 27, 1999, Judgment Entry, stated as follows: The mental injury suffered by the victim was exacerbated by the age of the victim . . .
The victim suffered serious psychological harm as a result of the offense and suffering [sic] from anger, mood swings, blaming herself and behaving promiscuously.
The error made by the trial court at the time of the original sentencing was the trial court's failure to state, either at the sentencing hearing or in the sentencing judgment entry, case-specific reasons for imposing consecutive sentences, as required by R.C. 2929.19(B)(2)(c) and the rationale set forth in State v. Edmonson (1999), 86 Ohio St.3d 324, sufficient to support its finding that the harm caused by the multiples offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (R.C. 2929.14(E)(4)(b). At resentencing, the trial court set forth, at the oral sentencing hearing and in the sentencing judgment entry, specific statements made by the victim as to the impact appellant's conduct had upon her. In addition, the trial court set forth the victim's mother's statement regarding the victim's age inappropriate provocative behavior. Therefore, even though new information at the resentencing hearing indicated the victim was not and had not been in counseling, we find that the reasons set forth by the trial court at the resentencing hearing and in the trial court's sentencing entry from the resentencing hearing are sufficient to support the finding made under 2929.14(E)(4)(b). The trial court, therefore, did not err in imposing consecutive sentences on appellant. Accordingly, appellant's third assignment of error is overruled.
 IV
Appellant, in his fourth assignment of error, maintains that the trial court, when imposing sentence on appellant upon remand, erred in admitting evidence obtained from a post sentence report completed more than two months after the original sentencing. The post sentence report referred to by appellant is the offender background investigation report prepared by the Adult Parole Authority. At the resentencing hearing, the trial court considered the offender background investigation report that had been ordered by the Ohio Department of Corrections after the original sentence was imposed in the case sub judice. After appellant objected to the use of such report, the trial court, on October 20, 1999, went back on the record to address the use of the offender background investigation report. The trial court, on such date, stated that "in reviewing the Court of Appeals' opinion in this case, the Court of Appeals gave this Court some guidance as to the appropriate procedure for sentencing in a case such as this and it suggested that the Court obtain a presentence investigation report." Transcript of October 20, 1999, proceedings at 3. Tracy McKean, an officer with the Adult Parole Authority, testified on October 20, 1999, that the background investigation report "is essentially the same investigation as a presentence except it originates with the prison system instead of with the Court." Id. At 6. According to McKean, the report contains social and criminal history, victim information, and educational/employment information. The offender background investigation report, however, does not contain a recommendation from the Parole Authority to the trial court as to sentencing. While appellant contends that the trial court erred in considering such report in resentencing appellant, we do not concur. Nothing in R.C.2929.19(B)(1) prohibits the trial court from considering evidence obtained from a postsentence investigation report when resentencing. All of the information, except for the sentencing information, contained in such report could have been obtained at the time of appellant's original sentencing. Moreover, while the trial court, at the October 18, 1999, sentencing hearing noted appellant's objection to the use of the background investigation report, it also stated that "based upon the victim impact statement alone the Court believes that consecutive sentences are warranted." Transcript of October 18, 1999, resentencing at 31. In fact, as is stated above, the information contained in the offender background investigation report as to the psychological impact experienced by the victim is identical to the information contained in the victim impact statement, which was considered by the trial court at the time of the original sentencing. Appellant, therefore, was not prejudiced by the admission of the offender background investigation report. Appellant's fourth assignment of error is, therefore, overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 _____________________ Edwards, J.
By Gwin, P.J. and Wise, J. concurs.