JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jameel Haamid appeals his resentencing and claims that the trial court's sentence is disproportional under the sentencing guidelines. For the following reasons, we reject his contentions and affirm.
{¶ 2} On September 11, 1997, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-354581 on seven counts: one count of felonious assault, in violation of R.C. 2903.11, one count of felonious assault with police officer specifications, one count of failure to comply with an order or signal, in violation of R.C. 2921.331 and three counts of assault on a police officer, in violation of R.C. 2903.13.
{¶ 3} On December 29, 1997, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-358304 on one count of aggravated robbery, in violation of R.C. 2911.01.
{¶ 4} On January 7, 1998, in Case No. CR-354581, defendant pled guilty to felonious assault, failure to comply with an order or signal and assault on a police officer. On the same day, in Case No. CR-358304, defendant pled guilty to robbery, in violation of R.C. 2911.02.
{¶ 5} The sentencing hearing took place on February 2, 1998. In CR-354581, the trial court sentenced defendant to eight years on count one, eighteen months on count three, and six months on counts four and five. In CR-358304, the trial court sentenced defendant to seven years. The sentences in each case were ordered to be served consecutively to each other. The total sentence in both cases was fifteen years.
{¶ 6} Defendant appealed his sentences in both cases. On January 31, 2000, this Court reversed the sentence due to the trial court's failure to make findings on the record as to the imposition of maximum sentences and remanded for resentencing. See State v. Haamid (Jan. 20, 2000), Cuyahoga App. No. 56148.
{¶ 7} At the resentencing hearing on May 23, 2000, the trial court imposed the same sentence it had originally imposed. Defendant appealed the trial court's resentencing and argued: (1) the trial court abused its discretion in imposing the maximum sentence; (2) the trial court abused its discretion in imposing consecutive sentences; and (3) the sentences violated fair sentencing guidelines and are disproportionate to similar offenses. On June 28, 2001, this Court affirmed the imposition of maximum sentences and proportionality of the sentences (Assignments of Error I and III), but remanded for re-sentencing due to the trial court's failure to make findings on the record as to the imposition of consecutive sentences (Assignment of Error II). See State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220 and 78221.
{¶ 8} At the second resentencing hearing on July 17, 2001, the trial court imposed the same sentence it originally imposed. Defendant appeals the trial court's second resentencing and asserts the following assignment of error:
 {¶ 9} I. THE TRIAL COURT FAILED TO FOLLOW THE REQUIREMENTS OF R.C. 2929.11(B) AND THE APPELLANT'S SENTENCE MUST BE VACATED.
{¶ 10} In his sole assignment of error, defendant argues that the consecutive sentences imposed by the trial court violate fair sentencing guidelines and are disproportionate to similar offenses.[1]
{¶ 11} We begin by noting that an appellate court will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred. R.C. 2953.08(G)(1).
{¶ 12} The facts of this case show that defendant, while intoxicated, went to a local drug store and stole a purse from a sixty-eight-year-old woman. After he stole the purse, he entered a vehicle and fled. Police pursued him. Upon being commanded to stop, defendant accelerated his vehicle into a police officer who was a pedestrian at the time. The defendant thereafter rammed into a police cruiser with his vehicle. The robbery victim and the three police officers who were the defendant's victims each spoke to the court at the original sentencing. The robbery victim stated that defendant has been "very disruptive" in her life and that she does not feel safe shopping alone as a result of this incident. (Tr. 28, Feb. 1998). One of the officers stated that "I've been a police officer for over 30 years * * * and on the date in question, there is no doubt in my mind that this individual had all intentions of killing all of us if he could have." (Tr. 28, Feb. 1998).
{¶ 13} The trial court convicted defendant of felonious assault and robbery. R.C. 2929.14(E)(4) allows a trial court to impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 14} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 16} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 18} Here, the trial court stated the following relevant to its decision to impose consecutive sentences:
 {¶ 19} * * * The Court has made findings that the consecutive sentences are necessary to protect the public from future crime, or to punish the offender, and that the offender committed the offenses while he was under sanction imposed a mere three weeks before for violent offense.
 {¶ 20} The harm caused by these offenses is indeed great. We have a police officer whose life was threatened by the acceleration of a motor vehicle, and we have a senior citizen, who I believe had a — either testified through victim impact statement, or in person, that she was afraid of going shopping, or even leaving her house, as I recall, due to this — to this particular event in her life; she would no longer go shopping by herself, and I believe the victim — I'm looking to see if I noted the victim's age. I don't — I can't find it readily. I'm sure I knew it at the time.
 {¶ 21} And that the offender's history, especially the domestic violence right before this act, is such that any — and he had, of course, a prior domestic violence, and a violation of the protection order for that.
 {¶ 22} So we have a pattern here of having problems, before the Court, having orders put in place, and having violations of the orders of the Court, both in the previous domestic violence case, and in the 1997 domestic violence case, which occurred right before this.
 {¶ 23} Therefore, the Court finds that these sentences are not disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public.
 {¶ 24} He obviously has shown no respect for the law, or the orders of the various courts, and no appreciation of his own conduct either, as he robs one woman, flees the jurisdiction, and then, when caught by the officers, attempts the felonious assault, to run down that officer, with his car being used as a weapon.
 {¶ 25} So the Court finds that there is no restraining this defendant from his actions, either by court order, or by physical presence of authority, and therefore, finds that under those violent circumstances, that this sentence is not disproportionate to the seriousness of this offender's conduct, and to the danger that this offender poses to the public, and therefore, the Court is gonna run the sentence of robbery — seven years on the robbery case, which is Case No. 358304 consecutive to 354581.
{¶ 26} (Tr. 14-16).
{¶ 27} We find that the trial court complied with the dictates of R.C. 2929.14(E)(4) and was thus justified in imposing consecutive sentences. The trial court stated that it imposed these sentences because the victims suffered physical as well as emotional harm; the defendant had a history of criminal convictions and he has not responded favorably to sanctions previously imposed; and he has no genuine remorse for his crime. The trial court also found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public.
{¶ 28} The record before us supports the trial court's decision to impose consecutive sentences in this case, and the sentences are not contrary to law. For the foregoing reasons, we do not find by a clear and convincing standard that the trial court erred in imposing consecutive sentences.
{¶ 29} Defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS. DIANE KARPINSKI, J., CONCURS WITHSEPARATE OPINION. (See separate concurring opinion attached).
[1] Under the "law of the case" doctrine, defendant is estopped from re-litigating the issue of whether his individual sentences for felonious assault and robbery run afoul of fair sentencing guidelines. State exrel. Dunbar v. Crawford (1997), 78 Ohio St.3d 391, 394. However, he is not precluded from raising the issue of consecutive sentences since the trial court specifically noted the following in State v. Haamid II:
"Having sustained Haamid's second assignment of error, we need not decidewhether Haamid's third assignment of error applies to the trial court'simposition of consecutive sentences." (Emphasis supplied).