[Cite as *Research Group, Inc. v. Akron Baptist Temple, Inc.*, 2018-Ohio-1919.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| THE RESEARCH GROUP, INC. | C.A. No.      28608 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AKRON BAPTIST TEMPLE, INC. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| AppellAppellee | CASE No.     CV-2016-11-4991 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2018

CARR, Judge.

{¶1}     Appellant, The Research Group, Inc., appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}     This case stems from a dispute over mineral rights.  On August 23, 2016, The Research Group, Inc. ("Research Group"), and its president, Christopher Eiben, filed a complaint in the Cuyahoga County Court of Common Pleas against the Akron Baptist Temple, Inc. ("A.B.T."), alleging claims of breach of contract, unjust enrichment, and promissory estoppel. A.B.T. filed a motion for transfer of venue on the basis that all of the events giving rise to the litigation occurred in Summit County.  Research Group filed a brief in opposition to the motion. A.B.T. filed a reply brief in support of its motion and Research Group filed a sur-reply brief. Research Group successfully moved the trial court for leave to file an amended complaint.  On November 9, 2016, Research Group filed an amended complaint that contained the same causes

of action and included additional allegations regarding the extent of the work Eiben performed for A.B.T. at his office in Shaker Heights. Subsequently, on November 17, 2016, the Cuyahoga County court issued an order granting A.B.T.'s motion and transferring the case to the Summit County Court of Common Pleas.[1]

{¶3} On November 29, 2016, the case was assigned to a judge in the Summit County Court of Common Pleas. A.B.T. filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Research Group filed a brief in opposition to the motion and A.B.T. replied thereto.

{¶4} As the motion to dismiss was pending, Research Group filed a motion to refuse the transfer of venue. Therein, Research Group reiterated its position that it had a right to file the complaint in Cuyahoga County pursuant to Civ.R. 3(B)(6). A.B.T. filed a brief in opposition and argued that the trial court did not have authority to simply reconsider an order issued in a separate county.

{¶5} On March 16, 2017, the Summit County court issued an order denying the motion to reconsider the transfer of venue. On that same day, the Summit County court issued a separate order granting A.B.T.'s motion to dismiss the complaint.

{¶6} On appeal, Research Group raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT DENIED EIBEN'S MOTION TO RECONSIDER AND REFUSE TRANSFER OF VENUE WHEN EIBEN ALLEGED IN ITS AMENDED COMPLAINT, VARIOUS PLEADINGS[,] AND BY AFFIDAVIT THAT ALL OR PART OF THE CLAIM FOR RELIEF AROSE IN CUYAHOGA COUNTY AS PROVIDED UNDER OHIO CIV.R. 3(B)(6)[.]

---

[1] We note that the November 17, 2016 order granting the motion to transfer did not contain any analysis regarding whether venue was proper in Cuyahoga County, other than to say that the "motion to transfer, filed 09/20/2016 is granted."

{¶7}   In its first assignment of error, Research Group argues that the trial court erred when it denied the motion to refuse transfer of venue solely on the basis that venue was proper in Summit County.  This Court agrees.

{¶8}   This Court reviews a trial court's ruling on a motion for transfer of venue for an abuse of discretion.  *Backyard Grill v. Anagnostopoulos*, 9th Dist. Lorain No. 98CA007095, 1999 Ohio App. LEXIS 2976, *6 (June 23, 1999).  An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}   As noted above, this matter was assigned to a judge in the Summit County Court of Common Pleas on November 29, 2016.  Shortly thereafter, Research Group filed a "motion to reconsider and refuse transfer of venue" in Summit County.  In its motion, Research Group renewed the arguments set forth in the Cuyahoga County filings and maintained its underlying positon that it had a right to litigate the case in Cuyahoga County under Civ.R. 3(B)(6). Research Group argued that all or part of the action arose in Cuyahoga County because Eiben performed extensive work for A.B.T. at his office in Shaker Heights.  In response, A.B.T. asserted that the trial court did not have authority to reconsider an order issued by a trial judge in a different jurisdiction.

{¶10}   The Summit County court issued an order denying the motion to refuse transfer of venue on March 16, 2017.  While the court substantively considered the motion, it did not analyze whether Cuyahoga County was a proper venue.  Instead, the court noted that venue was proper in Summit County for a number of reasons, namely that (1) A.B.T.'s principal place of business is in Summit County; (2) A.B.T.'s conduct which gave rise to the dispute occurred in Summit County; and (3) the matter involved a dispute over real property situated in Summit

County. Based on its determination that venue was proper in Summit County, the court concluded that there was "no good cause to refuse transfer and no basis for the Court to 'reconsider' the decision * * * to transfer this case, as the Cuyahoga County Court of Common Pleas has already given its final decision on the matter."

{¶11} The trial court abused its discretion when it limited its change-of-venue analysis to whether venue was proper in Summit County. "[A]n order changing venue does not constitute a final appealable order[.]" *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 395 (1997), citing *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 625 (1996). Therefore, a common pleas court is not precluded from "reconsidering an interlocutory change-of-venue order entered in the same case by a different common pleas court judge[.]" *Dannaher* at 395. The Research Group moved the Summit County court to refuse transfer of venue on the basis that part of the claim for relief arose in Cuyahoga County and that it had a right to file the action in Cuyahoga County pursuant to Civ.R. 3(B)(6). Significantly, under Civ.R. 3, a trial court should only transfer venue when the original venue is improper. *Hose v. Gatliff*, 9th Dist. Summit No. 21957, 2004-Ohio-4958, ¶ 10. "Under the Ohio Rules of Civil Procedure, the only basis for a transfer of venue from a county where the venue is proper is when the transfer is necessary to obtain a fair trial." *State ex rel. Starner v. De Hoff*, 18 Ohio St.3d 163, 165 (1985). Accordingly, the foremost question presented by the motion to refuse transfer of venue was whether venue was proper in Cuyahoga County. The trial court abused its discretion when it denied the motion to refuse transfer of venue based solely on its determination that venue was proper in Summit County. This matter must be remanded for the trial court to consider Research Group's argument that venue was proper in Cuyahoga County under Civ.R. 3(B)(6). This Court takes no position with respect to the merits of Research Group's argument at this time.

**{¶12}** The first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED ABT's MOTION TO DISMISS AND FOUND THAT EIBEN, THOUGH UNLICENSED, SOUGHT COMPENSATION FOR ACTIVITIES PERFORMED THAT REQUIRED AN OHIO REAL ESTATE BROKER LICENSE[.]

**{¶13}** In its second assignment of error, Research Group argues that the trial court erred by granting A.B.T.'s motion to dismiss. Given our resolution of the first assignment of error, the second assignment of error is not properly before this Court and we decline to address it at this time. *See* App.R. 12(A)(1)(c).

III.

**{¶14}** Research Group's first assignment of error is sustained. This Court declines to reach the merits of the second assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P.J.
TEODOSIO, J.
CONCUR

APPEARANCES:

ALAN H. KRAUS, Attorney at Law, for Appellant.

JOHN C. ROSS and NICHOLAS HORRIGAN, Attorneys at Law, for Appellee.

TIM TUSEK, Attorney at Law, for Appellee.