NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-411

THE STATE EX REL. KERR, APPELLANT, *v.* POLLEX, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Pollex,* Slip Opinion No. 2020-Ohio-411.]**

*Prohibition—Subject-matter jurisdiction—Adequate remedy in the ordinary course of the law—Res judicata—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-0752—Submitted November 13, 2019—Decided February 11, 2020.)

APPEAL from the Court of Appeals for Wood County, No. WD-19-005, 2019-Ohio-1725.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Jeremy Kerr, a prison inmate, for a writ of prohibition to vacate his criminal convictions. We affirm the court of appeals' judgment dismissing Kerr's petition.

**Background**

{¶ 2} In June 2013, Kerr was convicted in the Wood County Court of Common Pleas of four counts of forgery and four counts of tampering with evidence. The common pleas court sentenced him to an aggregate prison term of 92 months. Kerr appealed to the Sixth District Court of Appeals, which affirmed his convictions and sentence. *State v. Kerr*, 6th Dist. Wood No. WD-13-047, 2014-Ohio-5455.

{¶ 3} In January 2019, Kerr filed in the Sixth District a petition for a writ of prohibition against appellees, Judge Robert Pollex (the now retired judge who presided over his criminal case) and Judge Matthew Reger (the judge who replaced Judge Pollex). Kerr alleged that the judgment of conviction should be vacated because certain evidence at his criminal trial was improperly admitted, venue was not properly established in Wood County, his convictions were not supported by sufficient evidence, and the prosecutor engaged in misconduct. The court of appeals dismissed Kerr's petition sua sponte, holding that (1) the common pleas court had subject-matter jurisdiction over Kerr's criminal case, (2) Kerr's direct appeal of his convictions was an adequate remedy at law, and (3) Kerr's claims were barred by res judicata.

{¶ 4} Kerr appealed to this court as of right.

**Analysis**

{¶ 5} A court may dismiss a complaint sua sponte if the complaint "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief in prohibition. *Id.*

{¶ 6} To be entitled to a writ of prohibition, Kerr must show that the common pleas court exercised judicial power without authority and that he had no adequate remedy in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. Because Kerr seeks to vacate a final judgment, he must show that the common pleas court patently and unambiguously lacked jurisdiction to proceed in his criminal case. *See State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12; *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 248, 594 N.E.2d 616 (1992); *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329-330, 285 N.E.2d 22 (1972).

{¶ 7} The court of appeals properly dismissed Kerr's petition. First, the common pleas court had subject-matter jurisdiction to hear Kerr's criminal case under R.C. 2931.03. Because the trial court had "basic statutory jurisdiction," *Gusweiler* at 329, Kerr has not shown that he is entitled to have his final judgment of conviction vacated.

{¶ 8} Moreover, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. Kerr's appeal of his criminal convictions constituted an adequate remedy at law.

{¶ 9} And finally, because Kerr's claims either were or could have been raised in his direct appeal, the court of appeals correctly concluded that they are barred by res judicata. *See State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Jeremy Kerr, pro se.

Paul Dobson, Wood County Prosecuting Attorney, and Maria Arlen B. de la Serna and David T. Harold, Assistant Prosecuting Attorneys, for appellees.

_____