[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thompson v. Gonzalez*, Slip Opinion No. 2024-Ohio-897.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-897

THE STATE EX REL. THOMPSON, APPELLANT, *v*. GONZALEZ, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thompson v. Gonzalez*, Slip Opinion No. 2024-Ohio-897.]

*Prohibition—Mandamus—Because relator's complaint was obviously meritless, court of appeals did not err in sua sponte dismissing complaint—Court of appeals' judgment affirmed.*

(No. 2023-1070—Submitted February 6, 2024—Decided March 14, 2024.)

APPEAL from the Court of Appeals for Lucas County, No. L-23-1158, 2023-Ohio-2665.

_____

**Per Curiam.**

{¶ 1} Appellant, Goldy Thompson, filed a complaint for writs of prohibition and mandamus in the Sixth District Court of Appeals against appellees, Lucas County Common Pleas Court Judges Lori L. Olender and Linda J. Jennings, the

common pleas court's administrative judge, and former Lucas County Common Pleas Court Judge Alfonso J. Gonzalez. Thompson argues that Judges Olender and Jennings improperly presided over his criminal case and that the administrative judge never assigned a judge to the case after Judge Gonzalez left the bench. The court of appeals sua sponte dismissed the complaint, and Thompson appeals that judgment. We affirm the court of appeals' judgment dismissing Thompson's complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Thompson is incarcerated at the North Central Correctional Complex. In 2019, he was found guilty of felonious assault by a jury in the trial court and was sentenced to an indefinite prison term of seven years to ten years and six months. His conviction was affirmed on direct appeal. *State v. Thompson*, 6th Dist. Lucas No. L-19-1289, 2021-Ohio-1344, ¶ 48.

{¶ 3} Judge Gonzalez presided over Thompson's 2019 trial proceedings in the criminal case. Thompson stated in his complaint that Judge Jennings issued an order in that case on August 29, 2019, and did so without authority because she was never assigned to the case. Thompson did not include with his complaint a copy of that order or discuss the contents of the order. In addition, in May 2023, Thompson filed in the trial court a motion to correct the record in the criminal case. Thompson's complaint states that Judge Olender "is the individual who will preside over [his] [m]otion to [c]orrect the [r]ecord" in the criminal case but that no entry has been filed assigning Judge Olender to the case.

{¶ 4} In June 2023, Thompson filed his complaint for writs of prohibition and mandamus in the Sixth District. He requested a writ of prohibition vacating Judge Jennings's August 29, 2019 order in the criminal case. He also sought a writ of prohibition preventing Judge Olender from hearing and deciding his motion to correct the record. And he sought a writ of mandamus ordering the trial court's administrative judge to assign a judge to the case.

2

**{¶ 5}** The court of appeals sua sponte dismissed Thompson's complaint. 2023-Ohio-2665, ¶ 4, 8. Regarding Judge Jennings's August 29, 2019 order, the court of appeals took judicial notice of the order—which is publicly available online through the website of the Lucas County Clerk of Courts—and noted that the order had set a pretrial date and a trial date. *Id.* at ¶ 7. It also noted that the order was signed by Judge Jennings " 'on behalf of Judge Alfonso J. Gonzalez.' " *Id.* The court of appeals held that Judge Gonzalez issued the order while Judge Jennings "merely signed it for him." *Id.*

**{¶ 6}** Regarding the allegations against Judge Olender, the court of appeals took judicial notice that she was elected to succeed Judge Gonzalez on the bench. *Id.* at ¶ 6. It held that Judge Olender is authorized to preside over Thompson's criminal case under Loc.R. 5.02(E) of the Lucas County Common Pleas Court, General Division, which states that "[a]ny judge appointed or elected to succeed another shall take over the cases of the predecessor judge." 2023-Ohio-2665 at ¶ 6. The appellate court concluded that Thompson could not show a clear legal right to relief in prohibition or mandamus and thus dismissed the complaint. *Id.* at ¶ 8.

**{¶ 7}** Thompson appeals to this court as of right.

## II. LEGAL ANALYSIS

### A. *Thompson's motion for judicial notice*

**{¶ 8}** As an initial matter, Thompson filed in this court a motion for judicial notice after the conclusion of briefing. He asks us to take notice of several judicial decisions that he claims support his arguments. All the decisions cited in the motion were issued before Thompson filed his merit brief in this matter. Thompson's motion is in reality an attempt to supplement his merit brief, which is not a proper ground for judicial notice. *See State ex rel. Marmaduke v. Ohio Police & Fire Pension Fund*, 147 Ohio St.3d 390, 2016-Ohio-5550, 66 N.E.3d 705, ¶ 25. We deny the motion.

*B. The Sixth District's sua sponte dismissal*

**{¶ 9}** The Sixth District sua sponte dismissed Thompson's complaint without notice. 2023-Ohio-2665 at ¶ 4, 8. A court of appeals may dismiss a complaint sua sponte without notice "if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the [complaint] and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief." *Id.* When reviewing a sua sponte dismissal of a complaint without notice, we must determine whether the claims are frivolous or obviously meritless. *See State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11.

**{¶ 10}** To be entitled to a writ of prohibition, Thompson must show that (1) appellees are exercising or have exercised judicial power, (2) the exercise of that power is or was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 14. But if the trial court patently and unambiguously lacked subject-matter jurisdiction, Thompson need not establish the lack of an adequate legal remedy. *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, 215 N.E.3d 451, ¶ 6.

**{¶ 11}** To be entitled to a writ of mandamus, Thompson must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of appellees to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. However, he need not show the absence of an adequate legal remedy if

the trial court patently and unambiguously lacked jurisdiction. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10.

{¶ 12} Thompson seeks a writ of prohibition vacating Judge Jennings's August 29, 2019 order setting a pretrial date and a trial date. He argues that Judge Jennings was not properly assigned to the case when she signed the order and thus lacked authority to issue the order. Thompson, however, had the opportunity to raise this argument on direct appeal from his criminal conviction, which constitutes an adequate remedy in the ordinary course of the law. *See State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 20. Because he had an adequate legal remedy, he is entitled to a writ of prohibition only if the trial court patently and unambiguously lacked subject-matter jurisdiction.

{¶ 13} The Lucas County Common Pleas Court has subject-matter jurisdiction over criminal cases involving felonies, which includes cases involving felonious assault. *See State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 15; *see also* R.C. 2931.03. Because "[t]he common pleas court has subject-matter jurisdiction * * *[,] any meritorious challenge to whether a particular judge or magistrate of the common pleas court could rule in the case would merely make any judgment in that case voidable and thus subject to remedy by appeal rather than extraordinary writ." *Bell* at ¶ 20; *see also In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 51, ¶ 13-15 (regarding a court that has subject-matter jurisdiction, improper referral of a matter in a case to another judge renders a judgment in the case voidable, not void). Thompson is thus not entitled to a writ of prohibition vacating Judge Jennings's order.

{¶ 14} Thompson also seeks a writ of prohibition preventing Judge Olender from deciding his motion to correct the record in the criminal case, and he seeks a writ of mandamus ordering the trial court's administrative judge to assign a judge to the case. He claims that Judge Olender is exercising judicial power without

authority in the case because, he claims, no entry has been filed assigning Judge Olender to the case.

{¶ 15} The court of appeals took judicial notice that Judge Gonzalez left the bench and was succeeded by Judge Olender—a fact that Thompson does not dispute—and found that Judge Olender had thus taken over Thompson's case pursuant to local rule. *See* Loc.R. 5.02(E) of the Lucas County Common Pleas Court, General Division ("[a]ny judge appointed or elected to succeed another shall take over the cases of the predecessor judge"); *see also Squire v. Bates*, 132 Ohio St. 161, 168, 5 N.E.2d 690 (1936) ("an appellate court may take judicial notice of the identity and status of those acting as judges of lower tribunals in the same state"). Because Judge Olender took over Thompson's criminal case pursuant to local rule when Judge Gonzalez left the bench, she is not exercising judicial power without authority. *See also State v. Johnson*, 7th Dist. Mahoning No. 21 MA 0106, 2022-Ohio-4821, ¶ 12 ("There is no authority that requires a case to be reassigned through a separate judgment entry in the event of a judicial retirement"). Thompson is thus not entitled to a writ of prohibition preventing Judge Olender from presiding over the case. And because Judge Olender took over Thompson's criminal case when she succeeded Judge Gonzalez, Thompson cannot show a clear legal right to a writ of mandamus ordering the administrative judge to assign a judge to the case.

## III. CONCLUSION

{¶ 16} Because Thompson's complaint is obviously meritless, we affirm the Sixth District Court of Appeals' judgment sua sponte dismissing the complaint. We also deny his motion for judicial notice.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Goldy Thompson, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Kevin A. Pituch, Assistant Prosecuting Attorneys, for appellees.

_____