[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Acosta v. Mandros*, Slip Opinion No. 2024-Ohio-4891.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4891

THE STATE EX REL. ACOSTA, APPELLANT, *v.* MANDROS, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Acosta v. Mandros*, Slip Opinion No. 2024-Ohio-4891.]**

*Mandamus—Inmate failed to state a mandamus claim because he had or has adequate remedy in ordinary course of law—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2024-0040—Submitted July 23, 2024—Decided October 11, 2024.)

APPEAL from the Court of Appeals for Lucas County, No. L-23-1252.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Angelo B. Acosta, an inmate at the Ohio State Penitentiary, appeals the judgment of the Sixth District Court of Appeals dismissing

his complaint for a writ of mandamus. Acosta sought a writ of mandamus ordering the release and return of property, including $4,500 in cash, that was purportedly seized during a search of his house in May 2019. The Sixth District sua sponte dismissed Acosta's complaint because he had or has an adequate remedy in the ordinary course of the law and because his mandamus claim was barred by res judicata. We affirm the Sixth District's judgment because Acosta had or has an adequate remedy in the ordinary course of the law and therefore failed to state a claim for relief in mandamus.

## I. FACTS AND PROCEDURAL HISTORY

### A. Acosta's Motion for Release of Property and the State of Ohio's Motion for Reconsideration

{¶ 2} According to Acosta's complaint, he pleaded guilty to an amended count of trafficking in cocaine in February 2020 and his conviction was affirmed by the Sixth District on direct appeal in March 2021.

{¶ 3} On July 23, 2021, Acosta filed a motion in the trial court seeking the release and return of property, including $4,500 in cash, that was purportedly seized during a search of his house in May 2019. In that motion, Acosta argued that the court had not conducted a hearing to find and the State of Ohio had not shown that the property was subject to forfeiture. Acosta did not sign the motion's certificate of service.

{¶ 4} The State did not file a response to Acosta's motion, and appellee, Lucas County Court of Common Pleas Judge Dean Mandros, issued a judgment entry granting the motion on August 18, 2021. The next day, Acosta filed an amended motion with a signed certificate of service.

{¶ 5} On September 8, 2021, the State filed a "motion for reconsideration and motion in opposition to defendant's motion to release property" ("motion for reconsideration"). The State explained in that motion that a civil forfeiture action regarding the $4,500 was pending and asked Judge Mandros to reconsider his

August 18 judgment entry and deny Acosta's motion and amended motion for the release and return of the $4,500.

**{¶ 6}** On October 14, 2021, Judge Mandros ruled on the State's motion for reconsideration. In his order and judgment entry, Judge Mandros noted that the certificate of service in Acosta's July 23 motion did not comply with Civ.R. 5(B)(4), which, among other things, requires "a completed proof of service" that is signed in accordance with Civ.R. 11. Therefore, Judge Mandros concluded, it was improper for him to have considered that motion. *See* Civ.R. 5(B)(4) ("Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."). Judge Mandros determined that to the extent his August 18 judgment entry was a final judgment subject to Civ.R. 60, the State's motion for reconsideration could be construed as a timely motion for relief from judgment under Civ.R. 60(B). Finding merit in the State's motion, Judge Mandros granted it, reconsidered his previous judgment entry, and denied Acosta's motion and amended motion.

## B. This Mandamus Action

**{¶ 7}** In November 2023, Acosta filed this mandamus action in the Sixth District. He sought an order compelling Judge Mandros to release his property in accordance with the August 18, 2021 judgment entry. He asserted that that judgment entry was a final judgment that was not appealed by the State. Acosta argued that the State's motion for reconsideration and the judgment entry granting that motion were nullities because Judge Mandros should not have construed the State's motion as a motion for relief from judgment. He contended that because the judgment entry granting the State's motion for reconsideration was a nullity, he was unable to appeal it and that he accordingly did not have an adequate remedy in the ordinary course of the law.

**{¶ 8}** In December 2023, the Sixth District sua sponte dismissed Acosta's complaint, concluding that Acosta had an adequate remedy in the ordinary course

of the law because he could have appealed the October 14, 2021 order and judgment entry. The court also determined that Acosta has an adequate remedy in the ordinary course of the law because the relief he seeks—the return of his seized property—is dependent on the outcome of a civil forfeiture action and that when Judge Mandros issues a ruling in that case, Acosta will be able to appeal that decision. The Sixth District also concluded that Acosta's claim was barred by res judicata because in both this case and a previous mandamus claim that he filed in 2022, Acosta sought a writ ordering Judge Mandros to release his property.

{¶ 9} Acosta appealed to this court as of right.

## II. ANALYSIS

### A. Standard of Review

{¶ 10} The Sixth District sua sponte dismissed Acosta's complaint without notice. A court of appeals "may dismiss a complaint sua sponte if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief . . . ." *Id.*; *see also State ex rel. Walker v. Ballinger*, 2024-Ohio-181, ¶ 11. "When reviewing a sua sponte dismissal without notice, this court determines whether the appellant's claims are frivolous or obviously meritless." *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 9.

{¶ 11} "To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 8. "Absent a patent and unambiguous lack of jurisdiction, a

court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal." *State ex rel. Dannaher v. Crawford*, 1997-Ohio-72, ¶ 9.

### B. Judge Mandros Had Jurisdiction to Consider the State's Motion for Reconsideration

{¶ 12} In his merit brief, Acosta argues that in its motion for reconsideration, the State did not request relief under Civ.R. 60(B), which he claims is "the exclusive means for a trial court to vacate a final judgment." Acosta asserts that "motions for reconsiderations of a final judgment in the trial court are a nullity, and trial courts do not have jurisdiction to address them." He contends that the trial court's judgment granting the State's motion was consequently null and void and he was therefore unable to appeal it.

{¶ 13} Appellate courts have consistently held that a trial court does not have authority to sua sponte vacate a judgment under Civ.R. 60(B). *Osborne v. Kroger Co.*, 2020-Ohio-6757, ¶ 14 (10th Dist.) (collecting cases). Nevertheless, trial courts have long been allowed some discretion to treat a motion for reconsideration as a motion for relief from judgment under Civ.R. 60(B). *State ex rel. Albourque v. Terry*, 2011-Ohio-1913, ¶ 2. For a court to do so, the motion must raise an argument contemplated under Civ.R. 60(B).

{¶ 14} In its motion for reconsideration, the State explained that a civil forfeiture action was pending against Acosta, which had been consolidated with the criminal case and stayed during the pendency of that case under R.C. 2981.05(C). The State requested that Judge Mandros reconsider his August 18, 2021 judgment entry, deny Acosta's motion and amended motion for the release and return of the purportedly seized property, and proceed with the civil forfeiture action because Acosta's appeal of his conviction had been resolved.

{¶ 15} In the judgment entry granting the State's motion for reconsideration, Judge Mandros recognized that his consideration of Acosta's July

5

23, 2021 motion was improper because that motion did not comply with Civ.R. 5(B)(4). Judge Mandros noted that contrary to Acosta's assertion, the State had filed a complaint for civil forfeiture. Accordingly, Judge Mandros concluded that in its motion for reconsideration, the State had established grounds for relief from judgment under Civ.R. 60(B)(5) with a meritorious argument that he needed to conduct a hearing to adjudicate the civil forfeiture action.

{¶ 16} Although the procedural history in the case is unusual, Judge Mandros did not patently and unambiguously lack jurisdiction to enter the October 14, 2021 order and judgment entry granting the State's motion for reconsideration and denying Acosta's motion and amended motion. Rather, Judge Mandros had the discretion to treat the State's motion for reconsideration as a Civ.R. 60(B) motion for relief from judgment because the State had presented a meritorious argument therein for relief under Civ.R. 60(B)(5). *See Albourque*, 2011-Ohio-1913, at ¶ 2. Therefore, Judge Mandros had jurisdiction to consider the State's motion for reconsideration.

## C. Acosta Had or Has an Adequate Remedy in the Ordinary Course of the Law

{¶ 17} Because Judge Mandros considered the State's motion for reconsideration under Civ.R. 60(B), Acosta could have appealed the judge's October 14, 2021 order and judgment entry granting that motion. *See* R.C. 2505.02(B)(3) (an order that vacates or sets aside a judgment is a final order that may be reviewed, affirmed, modified, or reversed on appeal); *see also GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 149-150 (1976) (an order under Civ.R. 60(B) setting aside a default judgment is a final, appealable order). Moreover, Acosta could have argued in that appeal that Judge Mandros lacked jurisdiction over the State's motion for reconsideration. *See Dannaher*, 1997-Ohio-72, at ¶ 11-14. Therefore, Acosta had an adequate remedy in the ordinary course of the law.

**{¶ 18}** Additionally, Acosta may ultimately prevail in the civil forfeiture action, which was pending when he filed his July 23, 2021 motion and when he filed his complaint in this mandamus action. If he prevails in that action, then he will have obtained the remedy he seeks here—the release of his property, including the $4,500. And if he does not prevail in the civil forfeiture action, he may appeal that decision. Accordingly, Acosta has an adequate remedy in the ordinary course of the law.

### III. CONCLUSION

**{¶ 19}** Because adequate remedies in the ordinary course of the law were or are available to Acosta, he obviously could prove no set of facts entitling him to a writ of mandamus. *See Kerr*, 2020-Ohio-411, at ¶ 5. Therefore, we affirm the Sixth District Court of Appeals' sua sponte dismissal of Acosta's complaint for a writ of mandamus. *See id.* Having affirmed the court of appeals' judgment on that basis, we need not consider whether the Sixth District was correct in concluding that Acosta's claim was barred by res judicata.

Judgment affirmed.

_____

Angelo B. Acosta, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch and John A. Borell, Assistant Prosecuting Attorneys, for appellee.

_____