[Cite as *State ex rel. Acosta v. Mandros*, 2025-Ohio-1286.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State, ex rel. Angelo B. Acosta      Court of Appeals No. L-25-00001

    Relator

v.

Honorable Judge Dean Mandros      **DECISION AND JUDGMENT**

    Respondent      Decided: April 11, 2025

* * * * *

Angelo B. Acosta, Pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} In this original action, relator, Angelo B. Acosta, seeks a writ of mandamus, ordering the return of $4,500 in U.S. currency that is the subject of a civil forfeiture action pending before the Honorable Judge Dean Mandros, the respondent herein. Because relator cannot establish that he is entitled to the writ, we sua sponte dismiss his petition.

{¶ 2} "To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal

duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 8.

{¶ 3} In his quest for the return of assets seized by the State, relator seeks a writ of mandamus ordering respondent (1) to vacate an October 14, 2021 judgment entered in *State v. Acosta,* Lucas County Court of Common Pleas case No. CR-19-2038 and (2) to order the release of $4,500 in U.S. currency seized by the State in that case. *See* Petition at ¶ 20.

{¶ 4} Relator filed a nearly identical petition in *State ex rel. Acosta v. Mandros,* case No. L-23-1252 (Dec. 12, 2023), which we dismissed because relator "had an adequate remedy in the ordinary course of law," specifically by appealing the trial court's October 14, 2021 judgment. *Id.* at ¶ 14. We also found that Acosta's petition was barred by res judicata, "given his prior original action against respondent" in *State ex rel. Acosta v. Mandros,* 2022-Ohio-4256 (6th Dist.) *Id.* at ¶ 14. Relator appealed, and the Ohio Supreme Court affirmed the judgment on October 11, 2024. *State ex rel. Acosta v. Mandros,* 2024-Ohio-4891, ¶ 19 ("Because adequate remedies in the ordinary course of the law were or are available to [relator], he obviously could prove no set of facts entitling him to a writ of mandamus. Therefore, we affirm the [lower court's] sua sponte dismissal of [relator's] complaint for a writ of mandamus.").

{¶ 5} A court of appeals "may dismiss a complaint sua sponte if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth

2.

of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief." *Id.*; *see also State ex rel. Walker v. Ballinger*, 2024-Ohio-181, ¶ 11.

{¶ 6} Acosta filed the instant petition on January 2, 2025, seeking the same relief as his previous original actions. Once again, we dismiss the petition on the same grounds as before: relator had an adequate remedy in the ordinary course of the law and because his petition is barred by res judicata.

{¶ 7} Accordingly, upon due consideration, relator's petition for a writ of mandamus is not well-taken and is hereby dismissed. The costs of this action are assessed to relator. The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ Denied.


Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

3.