[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. McNamara*, Slip Opinion No. 2025-Ohio-2891.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2891

THE STATE EX REL. JOHNSON, APPELLANT, *v.* MCNAMARA, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. McNamara*, Slip Opinion No. 2025-Ohio-2891.]

*Mandamus—Judge who presided over inmate's criminal case had jurisdiction to convict him, and inmate had an adequate remedy in ordinary course of law through direct appeal to challenge his conviction—Court of appeals' dismissal of complaint affirmed.*

(No. 2024-1219—Submitted April 1, 2025—Decided August 19, 2025.)

APPEAL from the Court of Appeals for Lucas County, No. L-24-1178.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Alfred A. Johnson Sr., an inmate at the Toledo Correctional Institution, appeals the judgment of the Sixth District Court of Appeals dismissing his complaint for a writ of mandamus. Johnson requested a writ ordering appellee, Judge Joseph McNamara of the Lucas County Court of Common Pleas, to vacate Johnson's sentence in *State v. Johnson*, Lucas C.P. No. CR0202101960, a criminal case over which Judge McNamara had presided. The Sixth District dismissed the complaint sua sponte because the trial court had jurisdiction to convict Johnson in that case and he had an adequate remedy in the ordinary course of the law to challenge that conviction through direct appeal. For the same reasons, we affirm the dismissal of Johnson's complaint.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In July 2024, Johnson filed this mandamus action in the Sixth District. He requested a writ ordering Judge McNamara to "fix the record" and vacate his sentence in *State v. Johnson*, Lucas C.P. No. CR0202101960. Johnson argued that he had been deprived of his right to proceed pro se at his trial. The excerpts from the trial transcript that Johnson submitted with his complaint indicate that he attempted to fire his counsel and proceed pro se and that Judge McNamara denied his request, in part due to Johnson's disruptive behavior in the courtroom.

{¶ 3} Johnson asserted that Judge McNamara's denial of his request to fire his counsel violates *Faretta v. California*, 422 U.S. 806 (1975), in which the United States Supreme Court held that the defendant in a criminal trial has a constitutional right to self-representation when he voluntarily, knowingly, and intelligently elects to waive the right to counsel and proceed pro se, *id.* at 807, 835. Therefore, he argued, Judge McNamara lacked both personal jurisdiction and subject-matter jurisdiction, rendering Johnson's sentence void. He also argued that the Sixth District erred in concluding otherwise when he raised this issue in his direct appeal of his conviction.

{¶ 4} In addition, Johnson argued that Judge McNamara committed a jurisdictional error when failing to exclude a juror whom the judge knew and had previously worked with. Johnson further argued that because his indictment included the mens rea of "knowingly" but omitted the mens rea of "purposefully," the court lacked subject-matter jurisdiction. As for his request that Judge McNamara be ordered to "fix the record," Johnson did not explain in his complaint what part of the record needed to be "fixed" or otherwise explain the request.

{¶ 5} In August 2024, the Sixth District sua sponte dismissed Johnson's complaint for a writ of mandamus. The court concluded that "even assuming for purposes of [its] analysis that the trial court did violate Johnson's Sixth Amendment rights, such a violation would not deprive the court of jurisdiction or render his conviction void." Lucas App. No. L-24-1178, 2 (6th Dist. Aug. 6, 2024). Additionally, the Sixth District determined, Johnson "had an adequate remedy at law through his direct appeal," in which he raised (unsuccessfully) as an assignment of error Judge McNamara's denial of his request to represent himself. *Id.* at 3.

{¶ 6} The Sixth District also rejected Johnson's argument that his conviction was void because one of the jurors knew Judge McNamara. Even assuming that it was an error to not conduct a supplemental inquiry of the juror, the Sixth District reasoned, such an error would not have deprived the trial court of jurisdiction. Lastly, the Sixth District rejected Johnson's challenge to the indictment, concluding that the indictment properly invoked the trial court's jurisdiction and that by failing to timely object, Johnson had waived all but plain error on appeal.

{¶ 7} Johnson has appealed as of right. In addition to his merit brief, Johnson has submitted what appears to be the complete transcript of his criminal trial, which is not contained in the record certified by the Sixth District.

## II.  ANALYSIS

## A.  We Confine Our Review to the Certified Record and the Issues Presented Below

{¶ 8} Johnson originally submitted with his mandamus complaint in the Sixth District excerpts from what appears to be the transcript of his criminal trial. That partial transcript was thus included in the record that was considered by the Sixth District.  When Johnson submitted his merit brief in this appeal, however, he submitted with it what appears to be the complete transcript of his trial.  "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter."  *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16.  Therefore, we have not considered the transcript filed by Johnson.

{¶ 9} Additionally, many of the arguments Johnson makes on appeal address issues that were not raised in his complaint, were not considered below, and refer to the complete transcript that was improperly filed in this court.  "Ordinarily, appellate courts 'will not consider a question not presented, considered or decided by a lower court.' "  *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 21, quoting *Kalish v. Trans World Airlines, Inc.*, 50 Ohio St.2d 73, 79 (1977).  Therefore, we consider only the issues that Johnson raised before the court of appeals.

## B.  We Affirm the Dismissal of the Complaint

{¶ 10} The Sixth District dismissed Johnson's complaint sua sponte and without providing notice to the parties.  A court of appeals "may dismiss a complaint sua sponte if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' "  *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts

entitling him to the requested extraordinary relief . . . ." *Id.* "When reviewing a sua sponte dismissal without notice, this court determines whether the appellant's claims are frivolous or obviously meritless." *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 9.

{¶ 11} "To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 8. "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal." *State ex rel. Dannaher v. Crawford*, 1997-Ohio-72, ¶ 9.

### 1. The trial court had jurisdiction

{¶ 12} Johnson argues that the trial court lacked personal and subject-matter jurisdiction because Judge McNamara refused to permit him to represent himself at his trial. Johnson further argues that his attorney was ineffective and "blew [his] trial." Accordingly, citing the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Johnson claims that he did not receive a fair trial and that his sentence is therefore void.

{¶ 13} We have explained that "[p]ersonal jurisdiction refers to the court's power to render a valid judgment against a particular individual. In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *State v. Henderson*, 2020-Ohio-4784, ¶ 36. None of the issues argued by Johnson affect personal jurisdiction. Therefore, his argument that the trial court lacked personal jurisdiction over him is not well taken.

{¶ 14} As for subject-matter jurisdiction, the Sixth District correctly concluded that the trial court had subject-matter jurisdiction over Johnson's

criminal case. In its decision below, the Sixth District took judicial notice of the indictment in Johnson's criminal case, in which he was indicted for committing robbery under R.C. 2911.02(A)(2). That offense is a felony of the second degree, R.C. 2911.02(B), and the Lucas County Court of Common Pleas has subject-matter jurisdiction over criminal cases involving felonies, R.C. 2931.03; *State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 13. Therefore, Judge McNamara had subject-matter jurisdiction over Johnson's criminal case.

{¶ 15} In the court of appeals, Johnson made several arguments contending that the trial court lacked or lost subject-matter jurisdiction over his criminal case, and he reiterates those arguments here. In particular, he argues that because Judge McNamara did not conduct a *Faretta* inquiry on the record and because of other alleged violations of Johnson's Sixth Amendment right to counsel and/or self-representation, his sentence is void for lack of subject-matter jurisdiction. He also argues that his trial and appellate counsel were ineffective. However, "[a] violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does." *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 2023-Ohio-3534, ¶ 21. Therefore, these arguments are obviously meritless. *See Kerr*, 2020-Ohio-411, at ¶ 5.

{¶ 16} Johnson also argues that the trial court lacked jurisdiction because one of the jurors knew Judge McNamara. However, "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 2020-Ohio-2913, ¶ 23. Even if the judge erred in not conducting further questioning of this juror, that would not deprive the court of subject-matter jurisdiction. *See Pope v. Bracy*, 2022-Ohio-3190, ¶ 11-12 (concluding that an alleged defect in a jury verdict did not render a trial court's judgment void for lack of jurisdiction). "'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a

particular case.'" *Harper* at ¶ 23, quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id*. Therefore, this argument is equally meritless.

{¶ 17} Finally, Johnson contends that the trial court lacked jurisdiction because the indictment was defective and charged him with the wrong crime or no crime at all. He alleges that the grand jury did not charge that he committed the robbery offense purposefully but, rather, only knowingly. But even if that allegation were true, an argument that a defendant was convicted of an uncharged offense does not present a jurisdictional defect. *See DeVore v. Black*, 2021-Ohio-3153, ¶ 9. "'The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.'" *Jury v. Miller*, 2016-Ohio-3044, ¶ 4, quoting *Orr v. Mack*, 1998-Ohio-32, ¶ 4. Therefore, Johnson's argument that the trial court's jurisdiction was undermined by a defective indictment is also obviously meritless.

2. *Johnson had an adequate remedy in the ordinary course of the law*

{¶ 18} As explained above, the trial court had jurisdiction over Johnson and his criminal case. Moreover, Johnson had an adequate remedy in the ordinary course of the law through direct appeal to challenge the trial court's jurisdiction in his criminal case. *See Dannaher*, 1997-Ohio-72, at ¶ 9. Indeed, in his mandamus complaint, Johnson mentioned his direct appeal of his conviction, and the Sixth District noted in its decision in that case that Johnson had unsuccessfully made the same argument regarding his right to self-representation in an assignment of error in that appeal. Because Johnson had an adequate remedy in the ordinary course of the law through direct appeal, it is obvious that he could not have proved any set of facts entitling him to a writ of mandamus. Therefore, the Sixth District did not err in sua sponte dismissing Johnson's complaint for a writ of mandamus against Judge McNamara. *See Kerr*, 2020-Ohio-411, at ¶ 5.

### III.  CONCLUSION

{¶ 19} The court of appeals correctly dismissed Johnson's complaint for a writ of mandamus because Judge McNamara had jurisdiction to convict Johnson in his criminal case and Johnson had an adequate remedy in the ordinary course of the law through direct appeal to challenge that conviction.  Therefore, we affirm the judgment of the Sixth District Court of Appeals.

Judgment affirmed.

_____

Alfred A. Johnson Sr., pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch and John A. Borell, Assistant Prosecuting Attorneys, for appellee.

_____