[Cite as *State ex rel. Dula v. Walz*, 2026-Ohio-1167.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Michael Dula        Court of Appeals No. L-26-00059

    Relator

v.

Judge Ken Walz            **DECISION AND JUDGMENT**

    Respondent            Decided: March 31, 2026

* * * * *

Michael Dula, pro se, relator.

Julia R. Bates, Lucas County Prosecuting Attorney, Kevin A. Pituch, and
John A. Borell, Assistant Prosecuting Attorneys, for respondent.

* * * * *

**SULEK, J.**

{¶ 1} This matter is before the court on the petition of relator Michael Dula, a pro

se inmate, for a writ of mandamus compelling respondent, Hon. Ken Walz, to rule on his

"Motion to Disclose All Deals, Offers, and Discoverable Material Involving the CI" in case No. CR-2023-1931.[1]  Because Dula can prove no set of facts entitling him to relief, his petition is sua sponte dismissed.

{¶ 2} In case No. CR-2023-1931, Dula was indicted on one count of trafficking in cocaine, one count of possession of cocaine, and one count of having weapons under disability.  During the lengthy pretrial proceedings, Dula filed motions seeking information about the confidential informant.  The trial court eventually granted his motion to reveal the identity of the confidential informant, but did not rule on his motion to disclose the deals, offers, and discoverable material.

{¶ 3} Ultimately, after the trial court denied Dula's motions to suppress evidence, he entered a no contest plea to the count of trafficking in cocaine.  In exchange, the State dismissed the counts of possession of cocaine and having weapons under disability.  The trial court found him guilty of the offense, and sentenced him on April 24, 2025, to serve a minimum of three years in prison.

---

[1] As a pro se inmate, Dula must comply with R.C. 2969.25 when filing his original action.  Here, he has not included an affidavit containing the description of each civil action that he has filed in the previous five years in any state or federal court as described in R.C. 2969.25(A).  But, the statute "includes no requirement that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-year period file a [R.C. 2969.25(A)] affidavit." *State ex rel. Walker v. Ballinger*, 2024-Ohio-181, ¶ 9, quoting *State ex rel. Wickensimer v. Bartleson*, 2009-Ohio-4695, ¶ 3.  "Similarly, the statute does not require a statement that the inmate has filed no such civil action or appeal." *Id.*, citing *Wickensimer* at ¶ 5.  Furthermore, Dula has complied with R.C. 2969.25(C) because he has paid the $100 security deposit and is not seeking a waiver of the prepayment of the full filing fees.

{¶ 4} Dula now seeks a writ of mandamus compelling the trial court to rule on his "Motion to Disclose All Deals, Offers, and Discoverable Material Involving the CI." He maintains that he is currently working on "post conviction appeals" and it is "imperative that the lower Court's (sic) rule on his motions because it's needed for appellate purposes. Without these decision (sic) it will prejudice the Relator's appeal."

{¶ 5} To be entitled to a writ of mandamus, Dula must show "(1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 10.

{¶ 6} "A court of appeals may dismiss a complaint sua sponte 'if the complaint "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint."'" *Id.* at ¶ 9, quoting *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief." *Id.*, quoting *Kerr* at ¶ 5.

{¶ 7} Upon review, Dula cannot demonstrate that the trial court has a clear legal duty to rule on his motion. "Generally, when the trial court enters judgment without expressly determining a pending motion, the motion is also considered impliedly overruled." *State v. Boyd*, 2023-Ohio-4725, ¶ 115 (7th Dist.). Here, the trial court

3.

entered its judgment of conviction on April 24, 2025, when it sentenced Dula to prison following his no-contest plea to the count of trafficking in cocaine. Any pending discovery motions were at that time impliedly denied.

{¶ 8} Furthermore, Dula's discovery motion became moot when he entered his no-contest plea. *See State v. Gard*, 2014-Ohio-531, ¶ 11 (2d Dist.) (unruled-upon motion to suppress became moot after no contest plea "because there was not going to be any evidentiary hearing on the issue of [the defendant's] guilt or innocence of the offense with which he was charged"); *State v. Hall*, 2022-Ohio-3455, ¶ 7 (2d Dist.) ("a no-contest or guilty plea simply renders moot a pending motion to dismiss or motion to suppress"). The no-contest plea resolved all fact issues because while it is not an admission of guilt, it "is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B).

{¶ 9} Accordingly, Dula's motion was impliedly denied when the trial court entered its judgment of conviction, and in any event it is moot. The trial court does not have a legal duty to rule on the motion. Dula, therefore, cannot satisfy the requirements for a writ of mandamus. His petition is sua sponte dismissed. Costs of this action are assessed to Dula.

{¶ 10} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Original action dismissed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, PJ.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Charles E. Sulek, J.
_____
CONCUR.                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.