[Cite as *State ex rel. Alexander v. Howe*, 2026-Ohio-1683.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State ex rel. Reginald Bernard
Alexander

     Relator

v.

Timothy J. Howe

     Respondent

Court of Appeals No. L-26-00114

**DECISION AND JUDGMENT**

Decided: May 8, 2026

* * * * *

**SULEK, J.**

{¶ 1} This matter is before the court on the petition of relator Reginald Bernard Alexander for (1) a writ of prohibition seeking to prohibit respondent Hon. Timothy C. Howe[1] from enforcing a bench warrant, and (2) a writ of mandamus to compel Judge

---

[1] "Timothy C. Howe" is not a judge in Lucas County. This court presumes that Alexander is referring to Hon. Joseph J. Howe, judge of the Toledo Housing and Environmental Court.

Howe to dismiss the cases against him.  Because Alexander obviously cannot prevail on the facts alleged, this petition is sua sponte dismissed.

### I. Facts and Procedural Background

{¶ 2} Alexander is the defendant in two cases before Judge Howe in the Toledo Housing Court.  In both cases, case No. CRB-10494-0102 and case No. CRB-10494-0202, housing complaints charged him with failure to comply with an order to abate a public nuisance in violation of Toledo Municipal Code 1726.08(a), misdemeanors of the first degree.

{¶ 3} Relevant here, both complaints contain two file stamps:  one dated January 5, 2025, and the other dated December 5, 2025.  The January 5, 2025 file stamp has another stamp overlaying it stating "FILED IN ERROR."  In addition, both complaints charged "Reggie Alexander" and listed his birthdate as May 19, 1962.

{¶ 4} The docket attached to Alexander's petition reflects that Alexander was summoned to appear before the housing court on January 14, 2026.  He did not appear.  The housing court then ordered him to appear on February 17, 2026.  Prior to that date, Alexander filed numerous documents with the housing court on February 13, 2026.  He, however, did not appear before the housing court on February 17, 2026, and a bench warrant was issued.

{¶ 5} On March 12, 2026, Alexander filed a "Notice of Fault and Opportunity to Cure" in which he proclaimed that the housing court was in administrative fault.  He referenced his February 13, 2026 filings in which he alleged that the complaints were void because of the "Jan 5 'ERROR' stamp" and because they listed a false name and

2.

date of birth. He warned the trial court that if it did not remove the warrant within 48 hours and dismiss the cases against him, "formal complaints and evidence packets" would be sent to the "IRS CRIMINAL INVESTIGATION (CID)," "SEC WHISTLEBLOWER OFFICE," "FEDERAL TRADE COMMISSION (FTC)," "FBI TOLEDO RESIDENT AGENCY," and the "OHIO STATE AUDITOR."

{¶ 6} The next day, March 13, 2026, the housing court entered on the docket, "No action taken as to defendant filings. No motion filed or plea entered. Bench warrant to stand. Defendant must appear in-person or via counsel to remove bench warrant."

{¶ 7} Thereafter, on April 15, 2026, Alexander filed a "MOTION TO QUASH AND NOTICE OF VOID JUDGMENT." The housing court denied his motion to quash that same day, and ordered "Bench Warrant to stand see 3/12 entry."

On April 22, 2026, Alexander filed his present complaint for writs of prohibition and mandamus in this court.

## II. Analysis

{¶ 8} To be entitled to a writ of prohibition, Alexander must show that "(1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 11. To be entitled to a writ of mandamus, he must show "(1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *Id.* at ¶ 10.

3.

{¶ 9} "A court of appeals may dismiss a complaint sua sponte 'if the complaint "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint."'" *Id.* at ¶ 9, quoting *State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief." *Id.*, quoting *Kerr* at ¶ 5.

{¶ 10} Upon review, Alexander obviously cannot prevail on the facts alleged in the complaint. Alexander takes issue with two alleged defects in the housing complaints: (1) the January 5, 2025 file stamp, and (2) the incorrect date of birth. To the extent that either of those are defects, they are technical defects that do not affect the jurisdiction of the housing court.

{¶ 11} "The filing of a complaint invokes the jurisdiction of the municipal court." *State v. Mbodji*, 2011-Ohio-2880, ¶ 12. "Crim.R. 3 defines what constitutes a valid complaint. It states, 'The complaint is a written statement of the essential facts constituting the offense charged.' In addition, the rule requires that the complaint 'state the numerical designation of the applicable statute or ordinance' and that it 'be made upon oath before any person authorized by law to administer oaths.'" *Id.*

{¶ 12} Here, the complaint in case No. CRB-25-10494-0102 listed the facts of the offense as Alexander was ordered to "Cut tall grass & weeds (overgrowth). Remove junk, debris, trash, litter, auto parts, brush, graffiti and inoperable/unlicensed vehicle(s)

4.

including trailers," and he failed to do so within the 72 hours granted in the order. In case No. CRB-25-10494-0202, the facts were described as Alexander was ordered to "Repair/replace doors, roofing, windows and gutters/spouts on building. Scrape & paint all exposed wood on building," and he failed to do so within the 30 days granted in the order. Both complaints stated the numerical designation of the applicable ordinance as Toledo Municipal Code 1726.08(a). Further, both complaints were sworn to and subscribed in the presence of the Toledo Municipal Court Deputy Clerk on December 5, 2025.

{¶ 13} The complaints, therefore, meet all the essential requirements of Crim.R. 3. Any defects regarding the file stamp or incorrect date of birth do not impact the jurisdiction of the housing court. *See Middletown v. Goldberg*, 2017-Ohio-788, ¶ 14 (12th Dist.) (complaint properly invoked jurisdiction where although it was not notarized it satisfied the requirements of Crim.R. 3); *State v. Oree*, 1996 WL 205586, *1, fn. 1 (11th Dist. Apr. 5, 1996) (noting that although complaint was incorrectly date-stamped, it clearly indicated when the offense occurred and provided the defendant "with sufficient and adequate notice of the charge").

### III. Conclusion

{¶ 14} Accordingly, because the complaints properly invoked the jurisdiction of the housing court, Alexander can prove no set of facts entitling him to relief in prohibition or mandamus. His petition is not well-taken and is hereby dismissed. Costs of this action are assessed to Alexander.

5.

**{¶ 15}** The clerk of court is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

It is so ordered.

Writ dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.
_____
JUDGE


Christine E. Mayle, J.
_____
JUDGE


Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.